IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN R. GOINS,<br><br>   Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.  CIV-06-743-T<br>)<br>)<br>)<br>)<br>)<br>) |

# FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

### PROCEDURAL HISTORY

Plaintiff protectively filed his application for DIB on December 23, 2003 alleging a disability since July 1, 1998 (TR. 53-57). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 27, 28). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on September 7, 2005 (TR. 356-374). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 329-363). A vocational expert (VE) testified at the request of the ALJ (TR. 363-374). The ALJ issued her decision on December 19, 2005 finding that Plaintiff was not entitled to DIB (TR. 17-23). The Appeals Council denied the Plaintiff's request for review on May 12, 2006, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 9-11).

**STANDARD OF REVIEW**

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

**DISCUSSION & FINDINGS**

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 22). At step two, the ALJ concluded that Plaintiff's "fibromyalgia and impaired left arm" were severe impairments (TR. 22). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 22). At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work (PRW) (TR. 23).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888

F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform a significant range of sedentary work (TR. 23). The ALJ considered the testimony of the VE and determined there was a job existing in significant numbers in the national economy which Plaintiff could perform (TR. 23). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 23).

On appeal to this Court, Plaintiff alleges that (I) the ALJ erred in her credibility analysis; that (II) she erred at step five by failing to include all of Plaintiff's impairments in her hypothetical question posed to the VE; and that (III) the ALJ erred at step five by relying on VE testimony that was contrary to the Dictionary of Occupational Titles ("DOT") without eliciting a reasonable explanation from the VE for the conflict.

## I.

Plaintiff argues on appeal that the ALJ erred in her analysis of Plaintiff's credibility (See Plaintiff's Brief at pages 7-11). This case is unusual in that the ALJ's decision found that Plaintiff was not disabled and therefore not entitled to either SSI or DIB (TR. 23). On May 12, 2006, the Appeals Council remanded Plaintiff's SSI claim but not the DIB claim (TR. 6-8). The SSI claim was remanded in part because

> The Decision's credibility evaluation was not sufficient to support the finding that the claimant was not credible. The decision noted that the claimant's complaints were not supported by objective findings (Decision page 4). However, the objective findings, per the decision, support the existence of an impairment that can produce pain and dysfunction even if not of the frequency and severity alleged by the claimant. Accordingly, further consideration should be given to the other factors cited at Social Security Ruling 96-7p. While consideration was [sic] give to these other factors (Decision, page 4), the decision does not contain rationale with citation to the specific evidence of record of how consideration of these additional factors supported the finding that the claimant was not credible

(TR. 6-7). The ALJ's decision treats the SSI and DIB claims as a single claim and does not offer a separate discussion or findings (TR. 17-23).

The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not

4

>explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In this case, the ALJ did offer a meager discussion of Plaintiff's credibility (TR. 20). Clearly, a more detailed analysis is required. The ALJ ignores the analysis required by *Kepler* and neglects to discuss Plaintiff's daily activities, the levels of Plaintiff's medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

The ALJ's credibility analysis is insufficient according to *Kepler*. On remand, the Secretary should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## II.

Plaintiff also argues that the ALJ erred at step five by failing to include all of Plaintiff's impairments in the hypothetical question posed to the VE (See Plaintiff's Brief at pages 11-12). In support of this argument Plaintiff asserts that the hypothetical propounded to the VE failed to restrict Plaintiff to "simple, repetitive work" as reflected in the ALJ's RFC finding (See Plaintiff's Brief at p. 12) (TR. 21, 368).

In his decision the ALJ found that Plaintiff had the following RFC:

>Sedentary work. The claimant cannot climb. He can occasionally balance, kneel, stoop, crawl, and crouch. The claimant cannot work around unprotected heights; potentially dangerous, unguarded moving machinery; or concentrated exposure to dust, fumes, gases, odors, etc. The work area must be climate controlled. The claimant can perform simple, repetitive work. He can have occasional contact with the public but cannot work in an area of customer service. The claimant can handle with the left upper extremity only occasionally.

(TR. 20-21). Thus, it appears that the ALJ's hypothetical to the VE failed to match with precision the RFC finding of the ALJ. *Hargis* at 1492 (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990))("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision").

Thus, it appears that the ALJ's step five finding was not supported by substantial evidence. On remand the ALJ's hypothetical should match with precision her RFC findings.

## III.

Plaintiff's final assignment of error is that at step five the ALJ improperly relied on VE testimony that was at significant variance from the DOT without eliciting a reasonable explanation for the conflict (See Plaintiff's Brief at p. 12-15).  Before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the requirements of identified jobs corresponds with the DOT, and elicit a reasonable explanation for any discrepancy on this point. *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999).  An ALJ is required to use information provided by the DOT to assess occupational skill requirements, but it is evident that the DOT's "information about skills must be massaged, if you will, into the agency's classifications." 20 C.F.R. 404.1568; *Haddock* at 1089. Here, as in *Haddock*, the ALJ did not ask the VE to explain his thought process, but settled for a summary conclusion.

The ALJ posed a hypothetical to the VE which included, among other restrictions, that Plaintiff could perform only sedentary work that involved only "simple, one, two, three-step tasks" (TR. 369). The VE's response to the hypothetical yielded only the single job of "surveillance system monitor" DOT #379.367-010 (TR. 369, 23). The DOT identifies the job of surveillance system

monitor as unskilled sedentary work requiring a Reasoning Level of three.[1]  Absent specific testimony from the VE as to whether this Plaintiff's RFC would rise to the DOT's Reasoning Level required for the job of surveillance system monitor, and absent some explanation from the ALJ and the VE as to what is meant by "simple, one, two, three-step tasks", this case defies judicial review. As in *Haddock* the ALJ did not elicit enough evidence with regard to skills for the Court to assess whether there is a conflict between the DOT and the VE's testimony on that job characteristic.

Thus, it appears that the Commissioner's conclusions at step five are not supported by substantial evidence.  On remand, the Commissioner should obtain additional testimony from a VE about the specific requirements of the jobs, if any, which fall into Plaintiff's RFC and explain any discrepancies between his description of the jobs and the DOT listings for those jobs.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

---

[1] Reasoning:  Level 3 – Apply commonsense understanding to carry out instructions furnished in written, oral or

ENTERED this the 23rd day of July, 2007.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

Goins (R) F&R cred step5 dot ve.doc

diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.